# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MANUEL JUNVENAL, | CASE NO. 06cv1735 BTM(POR) |
|---|---|
| Plaintiff, | **ORDER GRANTING UNITED STATES' MOTION TO DISMISS** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

The United States of America has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff did not file an opposition to the United States' motion. For the reasons set forth below, the United States' motion to dismiss is **GRANTED**.

## I. BACKGROUND

On May 10, 2006, Plaintiff filed his complaint against the San Ysidro Health Center ("SYHC") and Dr. Sy in the Superior Court of California, County of San Diego, South Bay Division. The Complaint alleges that on or about July 30, 2005, Plaintiff's mother was treated by Dr. Sy at SYHC. According to the Complaint, Dr. Sy failed to properly diagnose and treat Plaintiff's mother, resulting in her death.

On August 25, 2006, the United States removed this action. The United States simultaneously filed a Certification of Scope of Employment pursuant to 42 U.S.C. § 233(c). The Certification states that SYHC receives federal grant money from the United States Public Health Service and that pursuant to 42 U.S.C. § 233(h), the Department of Health and

Human Services deems SYHC and its employees to be federal employees of the Public Health Service. The Certification also states that Dr. Sy was acting within the scope of his employment with SYHC at the time of the events out of which Plaintiff's claim arose.

In an order filed on September 5, 2006, the Court ordered that the action be dismissed with prejudice as to SYHC and Dr. Sy and that the United States be substituted in as the defendant pursuant to 42 U.S.C. § 2679(d).

## II. DISCUSSION

The Federal Tort Claims Act ("FTCA") is the exclusive remedy against the United States for personal injury, including death, resulting from the performance of medical functions by an employee of the Public Health Service while acting within the scope of his office or employment. 42 U.S.C. § 233(a).

Prior to filing suit under the FTCA, a tort claimant must file an administrative claim with the appropriate federal agency and must wait until he either receives a denial of the claim or until six months elapses. 28 U.S.C. § 2675(a). The administrative claim requirements are jurisdictional in nature and may not be waived. Burns v. United States, 764 F.2d 722, 724 (9th Cir. 1985).

Plaintiff has not filed an administrative claim. (Hawkins Decl., ¶ 4.) Therefore, the Court lacks subject matter jurisdiction over this action.

## III. CONCLUSION

For the reasons discussed above, the United States' motion to dismiss is **GRANTED**. The Clerk shall enter final judgment **DISMISSING WITHOUT PREJUDICE** Plaintiff's complaint against the United States.

**IT IS SO ORDERED.**

DATED: December 4, 2006

Hon. Barry Ted Moskowitz
United States District Judge